# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\quad$ *Plaintiff-Appellee,*

v.

DONALD MCKAY HALE, JR.,
$\quad$ *Defendant-Appellant.*

No. 01-4647

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-00-222)

Submitted: February 21, 2002

Decided: March 14, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Donald L. Stennett, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald McKay Hale was convicted by a jury of conspiracy to distribute less than five grams of crack, 21 U.S.C. § 846 (1994) (Count One), and possession of a quantity of crack with intent to distribute, 21 U.S.C.A. § 841 (West 1999 & Supp. 2000) (Count Two). He appeals the 151-month sentence imposed by the district court, arguing that the district court clearly erred in determining that he was responsible for seventy-nine grams of crack, and in finding that a two-level enhancement applied for possession of a dangerous weapon during the offense. *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). We affirm.

On September 26, 2000, police in Charleston, West Virginia, conducted a search at an apartment rented by Alma Jean Bryant. They recovered 45.7 grams of crack, $4835 in cash (later converted for sentencing purposes to 29.18 grams of crack), and three firearms. Bryant, Randolph Henderson, and Wilber Monroe pled guilty to drug trafficking offenses while Michael Rowe and Hale went to trial on charges that they conspired with Henderson, Monroe, and others to distribute more than fifty grams of crack and related offenses. Bryant, Henderson, and Monroe testified at trial and implicated Hale in the activities of the conspiracy. Although both Rowe and Hale were convicted of the conspiracy charge, the jury returned a special verdict finding that Hale had conspired to distribute no more than five grams of crack. The jury also acquitted Hale on Count Four, which charged that he possessed more than five grams of crack on September 26, 2000, with intent to distribute.

Hale contends on appeal that the district court's finding at his sentencing that he was responsible for seventy-nine grams of crack was inconsistent with the jury's verdict. Hale argues that the jury acquitted him of involvement in the Bryant-Rowe-Henderson-Monroe conspiracy, which he concedes sold more than fifty grams of crack, and instead convicted him of conspiring with unknown persons to distribute less than five grams of crack.

The district court's determination of the drug amount attributable to a defendant for sentencing purposes is a factual issue reviewed for

clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). Hale's argument ignores the fact that the jury convicted him of participation in the conspiracy. The district court was not limited by the special verdict as to quantity because the sentencing court may consider conduct of which the defendant has been acquitted in determining his relevant conduct for sentencing purposes. *United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. Love*, 134 F.3d 595, 605 (4th Cir. 1998) (district court has obligation to make factual findings independent of jury verdict concerning relevant conduct for sentencing purposes). The district court found that Hale was a participant in the conspiracy by virtue of the assistance he gave the other conspirators. The court also found that the crack and proceeds from crack sales present in Bryant's apartment on September 26, 2000, were attributable to Hale because it was reasonably foreseeable to him that there would be crack and money in the apartment. *See* USSG § 1B1.39a)(1)(B). The district court's finding was not clearly erroneous.

Hale next argues that the enhancement for possession of a dangerous weapon was incorrectly made because the witness testimony that implicated him in the drug offense was not credible, and because none of the guns present in the apartment on September 26 were specifically identified as belonging to him. Hale contends that he was acquitted of participation in the conspiracy being carried on in Bryant's apartment on September 26, 2000, and argues that it necessarily follows that it is clearly improbable that the weapons were connected to any offense committed by him. *See* USSG § 2D1.1(b)(1), comment. (n.3) (the adjustment applies if a weapon is present during a drug trafficking crime unless it is clearly improbable that it was connected to the offense).

This argument fails because Hale was convicted of being a participant in the conspiracy centered in Bryant's apartment, where firearms were present. There was no evidence which would have enabled the court to find that it was clearly improbable that the guns were connected to the drug offense. Therefore, the enhancement was properly made. *See United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997) (proximity of guns to illegal drugs is sufficient to justify enhancement).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*